FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

*Southern Division*

2016 JUN -1  P 4: 29

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

MODESTA MEH,                                    *

                                                *

        Plaintiff,                              *

                                                        Case No.: GJH-16-465

v.                                              *

KATIA YVETTE BRUCE, et al.,                     *

                                                *

        Defendants.                             *

*    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Plaintiff Modesta Meh brought this action against Defendants Katia Yvette Bruce[1] and

the Washington Metropolitan Area Transit Authority ("WMATA"), alleging damages related to

a vehicular collision. ECF No. 2. Pursuant to 28 U.S.C. § 1446, WMATA removed this matter

from the Circuit Court for Prince George's County, Maryland to this Court. ECF No. 1. This

Memorandum Opinion and accompanying Order address Defendant WMATA's Motion to

Dismiss Defendant Katia Yvette Bruce (ECF No. 6). A hearing is unnecessary. Loc. R. 105.6 (D.

Md. 2014). For the reasons stated below, Defendant WMATA's Motion to Dismiss Katia Yvette

Bruce is GRANTED.

---

[1] The Complaint appears to have misspelled Defendant Katia Yvette Bruce's last name. *See* ECF No. 2 (using
"Brue" for Defendant Bruce's last name). The Court will adopt the spelling used in Defendant WMATA's Answer.
*See* ECF No. 5.

## I.    BACKGROUND[2]

On November 26, 2013, Plaintiff was operating a vehicle on Cherry Hill Road in Prince

George's County, Maryland. ECF No. 2 ¶ 5. As Plaintiff drove through the intersection of

Cherry Hill Road and Calverton Boulevard, Defendant Bruce failed to stop for a flashing red

light and collided with Plaintiff's vehicle. ECF No. 2 ¶ 6. At the time of the collision, Bruce was

operating a vehicle owned by Defendant WMATA and acting as an agent for WMATA. ECF

No. 2 ¶ 6; ECF No. 5 ¶ 6 ("Defendant WMATA denies the allegations contained in Paragraph

Six of Plaintiff's Complaint, except that Defendant WMATA admits that Defendant Katia Yvette

Bruce was acting in the scope of her agency as an operator of a Metro Access motor vehicle

owned by the Defendant WMATA at the time of the occurrence.").

Plaintiff filed her Complaint in the Circuit Court for Prince George's County, Maryland

on January 8, 2016. ECF No. 2. On February 19, 2016, WMATA removed the matter to this

Court, filed an Answer, and filed a Motion to Dismiss as to Defendant Bruce only. ECF Nos. 1,

5, 6. Plaintiff has not filed an Opposition to WMATA's Motion to Dismiss, which was due on

March 7, 2016.[3]

## II.    DISCUSSION

Pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(6), and 12(h)(3),

WMATA argues that Plaintiff's claims against Bruce should be dismissed. ECF No. 6. Lack of

subject-matter jurisdiction may be raised by a defendant under Rule 12(b)(1). Fed. R. Civ. P.

12(b)(1). If the Court determines that it lacks subject-matter jurisdiction, the Court must dismiss

---

[2] For the motion to dismiss, the well-pleaded allegations in Plaintiff's Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[3] The Motion is therefore granted as conceded. *White v. Wal-Mart Stores, Inc.*, No. ELH-14-00031, 2014 U.S. Dist. LEXIS 47498, at *5 (D. Md. Apr. 4, 2014) ("In light of plaintiff's failure to oppose the Motion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant."). The Court will, nonetheless, briefly address the merits of the Motion.

2

the action. Fed. R. Civ. P. 12(h)(3). In instances in which immunity is established, the Court

lacks subject-matter jurisdiction. *Smith v. Wash. Metro. Area. Transit Auth.*, 290 F.3d 201, 205

(4th Cir. 2002) ("To the extent the METRO's complained-of actions fall within its cloak of

immunity, we lack subject matter jurisdiction over such claims.").

Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a

claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009);

*see also Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. DKC 14-2376,

2015 U.S. Dist. LEXIS 91689, at *13 (D. Md. July 15, 2015) ("At this stage, all well-pled

allegations in a complaint must be considered as true and all factual allegations must be

construed in the light most favorable to the plaintiff."). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

WMATA is an agency of the State of Maryland, the Commonwealth of Virginia and the

District of Columbia created for the design and implementation of a unified regional transit

system. Transp. 10-204(1)(d) and (2). As a government agency, it is immune from suit except to

the extent that is waives sovereign immunity. *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998)

("Where an agency has not waived its immunity to suit, the state court (and the federal court on

removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency

direction."). Under Section 80 of the WMATA Compact,

> [WMATA] shall be liable for its contracts and for its torts and those of its
> directors, officers, employees and agents committed in the conduct of any
> proprietary function, in accordance with the law of the applicable signatory
> (including rules of conflict of laws), but shall not be liable for any torts occurring

in the performance of a governmental function. *The exclusive remedy for such breach of contracts and torts for which [WMATA] shall be liable, as herein provided, shall be by suit against [WMATA].*

Md. Code Ann., Transp. § 10-204(80) (LexisNexis 2016) (emphasis added). Plaintiff's claim against Defendant Bruce is barred by immunity because Bruce was acting as an agent for WMATA at the time of the collision. ECF No. 2 ¶ 6. Plaintiff's exclusive remedy for its alleged tort is her claim against WMATA. Accordingly, the Court must be dismiss the claim against Bruce for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant WMATA's Motion to Dismiss Defendant Katia Yvette Bruce (ECF No. 6). Defendant Bruce shall be removed from this case. A separate Order shall follow.


Dated: _June 1, 2016_

GEORGE J. HAZEL
United States District Judge

4